IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-42-D
No. 7:19-CV-48-D

UNITED STATES OF AMERICA          )
                                  )
            v.                    )          **ORDER**
                                  )
DEANDRE SWEET,                    )
                                  )
            Defendant.            )

On January 13, 2021, Magistrate Judge Robert T. Numbers, II issued a Memorandum and

Recommendation ("M&R") [D.E. 162] recommending that the court deny Deandre Sweet's ("Sweet"

or "defendant") motion to vacate under 28 U.S.C. § 2255 because Sweet did not instruct his counsel

to appeal. See [D.E. 122]. On January 29, 2021, Sweet objected to the M&R [D.E. 165].

"The Federal Magistrates Act requires a district court to make a de novo determination of

those portions of the magistrate judge's report or specified proposed findings or recommendations

to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th

Cir. 2005) (alteration, emphasis, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely

objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that

there is no clear error on the face of the record in order to accept the recommendation." Diamond,

416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and Sweet's objections. As for those portions

of the M&R to which Sweet made no objection, the court is satisfied that there is no clear error on

the face of the record. The court has reviewed de novo the portions of the M&R to which Sweet

objected.

Sweet objects to Judge Numbers's finding that: 1) his counsel did not believe there were any nonfrivolous grounds for an appeal; 2) his counsel had no reason to believe Sweet wanted to appeal; 3) Sweet's letters confused his counsel because they appeared to raise issues that his counsel and Sweet resolved in their meetings before sentencing; 4) despite characterizing Sweet's letter to his counsel requesting a post-sentencing motion be filed as an unequivocal request to appeal, any alleged instruction by Sweet was unclear and ambiguous; 5) although his counsel requested that Sweet clarify what he wanted, Sweet did not respond; and 6) Sweet did not prove by a preponderance of the evidence that his counsel failed to file a notice of appeal for him after being unequivocally instructed to do so. See [D.E. 165] 5–10; M&R [D.E. 162] 12–14.

The court agrees with Judge Numbers's findings, including that Sweet did not prove by a preponderance of the evidence that his counsel failed to file a notice of appeal for him after being unequivocally instructed to do so. Defendant's objections are overruled.

After reviewing the claim presented in Sweet's motion, the court finds that reasonable jurists would not find the court's treatment of Sweet's claim debatable or wrong and that the claim deserves encouragement to proceed any further. Accordingly, the court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In sum, the court ADOPTS the findings and conclusions in the M&R [D.E. 162], DENIES defendant's motion to vacate [D.E. 122], DISMISSES as moot defendant's motion to appoint counsel [D.E. 139], and DENIES a certificate of appealability.

SO ORDERED. This 24 day of June 2021.

JAMES C. DEVER III
United States District Judge

2